UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA  )
                          )
vs.                       )   NO. 08 CR 654
                          )   Judge Blanch Manning
ANDREW JOHNSON            )

## PLEA DECLARATION

The Defendant, ANDREW JOHNSON, after extensive consultation with his attorney, TONY THEDFORD, acknowledges and states the following:

## GOVERNMENT'S ALLEGATIONS

1. Mr. Johnson has been charged by indictment with robbery, in violation of Title 18, United States Code, Section 1951.

2. Mr. Johnson has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crime with which he has been charged.

4. At this time, Mr. Johnson will enter a voluntary plea of guilty to Count One in the indictment.

## FACTUAL BASIS

5. Mr. Johnson is pleading guilty because he is in fact guilty of the charges in Count One of the indictment. In pleading guilty, Mr. Johnson admits the following facts and that those facts establish his guilt beyond a reasonable doubt. The following is not an exhaustive recitation of every fact that Mr. Johnson knows and that relates to this situation but rather provides sufficient facts to form the basis for Mr. Johnson's plea of guilty.

Defendant Andrew Johnson ('JOHNSON') admits that on or about September 30, 2005, at Oak Lawn, in the Northern District of Illinois, Eastern Division, he along with co-Defendant Timothy Funches ("Funches"), by means of actual and threatened force and

violence, took from the person and presence of a United Armored Services employee two ATM money cartridges containing a total of approximately $14,000 in United States currency in the custody, control, and possession of United Armored Services.

Specifically, on September 30, 2005, JOHNSON along with Funches, and James LNU drove to a gas station to buy coffee. JOHNSON stated that he wanted more coffee. Funches gave Johnson his cup of coffee. JOHNSON then suggested that James LNU throw the cup of coffee at the armored car guard to distract the guard. Upon arriving at the Dominick's store located at 8700 S. Cicero Avenue, James LNU threw the cup of coffee into Employee A's face, grabbed the money from the ATM machine, and departed the store. While James LNU was in the store, JOHNSON was the lookout. Once Funches departed the store, he along with James LNU entered the vehicle driven by JOHNSON. JOHNSON, along with the other individuals, stole $14,000 dollars USC.

## POTENTIAL PENALTIES

6. Mr. Johnson understands that Count One of the Indictment carries a maximum term of incarceration of 20 years and a maximum fine of up to $250,000, along with a term of supervised release of not more than three years.

7. Mr. Johnson understands that consistent with federal law, 18 U.S.C., upon entry of judgment of conviction, he will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

8. Defendant further understands that he Court must order restitution to the victims of the offense in an amount determined by the Court.

## APPLICABILITY OF THE SENTENCING GUIDELINES

9. Mr. Johnson understands that the advisory guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C § 994 will apply to his case in conjunction with any applicable mandatory minimums.

    a. **Offense Level Calculations**

i. The base offense level for the charge in the indictment is 20, pursuant to Guideline §2B3.1(a);

ii. Pursuant to Guideline §2B3.1(b)(7)(B), the base offense level is increased by 1 level if the Court finds the defendant is accountable for loss that exceeds $10,000.

iii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct and will continue to accept responsibility for his actions within the meaning of Guideline §3E1.1(a). A two-level reduction in the offense level is thus appropriate.

iv. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E.1(b), the defendant believes he should receive an additional one-level reduction in the offense level.

v. Based on the description given of the incident, Defendant's role in the offense was that of a minor participant in accord with Guideline §3B1.2(b) and he should receive an additional two-level reduction in the offense level.

b. **Criminal History Category**

The defendant has zero criminal history points, and defendant's criminal history category is I.

c. **Anticipated Advisory Sentencing Guidelines Range**

Therefore, based on the facts now known, the anticipated offense level is 16, which, when combined with the anticipated criminal category of I, results in an anticipated advisory Sentencing Guidelines range of 21 to 27 month's imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

10. Mr. Johnson reserves the right to request a downward departure or variance on any grounds he deems appropriate. Mr. Johnson understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

## PRELIMINARY NATURE OF THE CALCULATIONS

11. Mr. Johnson and his attorney acknowledge that any guideline calculations he may have made at this point are preliminary in nature and based on facts known to him and his attorney at the time of this Plea Declaration. Mr. Johnson understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

## TRIAL RIGHTS

12. Mr. Johnson understands that by pleading guilty he surrenders certain rights, including the following:
    a. If the Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial the judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.
    b. If the trial is jury trial, the jury would be comprised of twelve laypersons selected at random. Defendant and his attorney would have say in who the jurors would be by removing prospective jurors for cause where action bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it

could not convict him unless, after hearing all of the evidence, it was persuaded, of the Defendant's guilt beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not she was persuaded of Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and thus need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

e. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

13. Mr. Johnson understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Mr. Johnson's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Johnson further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

## LIMITATIONS AND CONSEQUENCES OF THIS PLEA DECLARATION

14. Mr. Johnson understands that the United States Attorney's Office will inform the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Johnson further understands that he will be able to present evidence in mitigation for sentencing.

15. Mr. Johnson understands that at the time of sentencing, the government and the Defendant will be free to make their respective recommendations to the Court as they believe appropriate.

16. Mr. Johnson understands that the sentencing guidelines are no longer mandatory, and that this court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence wither within, greater, or less than the applicable sentencing guideline range. Mr. Johnson understands that the applicable guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

17. Should this Court refuse to accept Mr. Johnson's plea of guilty, this Plea Declaration shall become null and void and Mr. Johnson will not be bound thereto. It is Mr. Johnson's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

18. Mr. Johnson agrees that this Plea Declaration shall be filed and become part of the record of this case.

19. Mr. Johnson and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Johnson further acknowledges that he has read this Plea Declarations and carefully reviewed each provision with his attorney.

Signed this 25th day of January, 2010

By: /s/Tony Thedford
Tony Thedford
Attorney for Mr. Johnson

Law Office of Tony Thedford, P.C.
6133 S. Ellis Ave, Garden Suite
Chicago, Il 60637
*Counsel for Andrew Johnson*